**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DALE AND LINDA KENNETT** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 07-6702** |
| | * | |
| **AMICA MUTUAL INSURANCE COMPANY** | * | **SECTION "B"(5)** |

**ORDER & REASONS**

Before the Court is Defendant's Motion for Involuntary Dismissal (Rec. Doc. No. 94) and Motion for Summary Judgment (Rec. Doc. No. 100).

This is a fairly routine case stemming from Hurricane Katrine property losses. Defendant now moves for involuntary dismissal of Plaintiffs' claims due to Plaintiffs' failure to comply with this Court's order directing Plaintiffs to pare down and resubmit their exhibits that were originally filed in opposition to Defendant's Motion for Summary Judgment. The Court provided a deadline of July 30, 2010 for this resubmission of supporting exhibits and warned that failure to comply with the deadline may lead to dismissal without further notice, but Plaintiff's did not timely comply. Only after Defendant filed its motion for involuntary dismissal on August 3, 2010, did Plaintiffs move for an extension of the July 20 deadline, which this Court denied. The Court explained the reason for its denial of the requested deadline extension: "The Court has patiently allowed Plaintiffs extensions in the past. To do so again at this juncture is unwarranted and prejudicial to other

1

parties." (Rec. Doc. No. 99). Plaintiffs eventually submitted a spreadsheet of expenses for which they seek coverage on August 10, 2010 (*see* Rec. Doc. No. 101-1), and while this spreadsheet certainly eliminates many items that Plaintiffs concede are not covered under the insurance policy at issue, it still exudes a vast array of discrepancies and items *wh*ose values are not verifiable (*see* charts in Rec. Doc. No. 107). In light of this, Defendant reurges its previously filed Motion for Summary Judgment in addition to its Motion for Involuntary Dismissal.

### *DISCUSSION*

The Fifth Circuit reviews dismissals for failure to comply with a court order for abuse of discretion. *Bryson v. U.S.*, 553 F.3d 402, 403 (5th Cir.2008). While lesser sanctions are usually appropriate, dismissal with prejudice under Rule 41(b) is usually appropriate when plaintiffs have exhibited a "'clear record of delay or contumacious conduct.'" *Id*. (quoting *Callip v. Harris Cnty. Child Welfare Dept't*, 757 F,.2d 1513, 1521 (5th Cir.1985). The Fifth Circuit has affirmed Rule 41(b) dismissals when at least one of the following factors are present: delay attributable to Plaintiffs and not Plaintiffs' attorney, actual prejudice to Defendant, or intentional misconduct causing delay. *Id*.

The record of this case, which has been pending in this Court since October 11, 2007, clearly reflects delay attributable to Plaintiffs. The Trial date has been continued twice in this

matter, and while the first continuance was attributable to Plaintiffs' counsel (*see* Rec. Doc. No. 20), the second continuance was attributable to Plaintiffs alone.  Plaintiffs terminated their attorney on December 18, 2009 and represented that they had obtained new counsel (*see* Rec. Doc. No. 39).  Accordingly, this Court ordered Plaintiffs to enroll new counsel or notify the Court of their intention to proceed without counsel no later than January 8, 2010 (*see* Rec. Doc. No. 40).  Plaintiff's opposition to two pending motions were due to be filed by January 12, 2010, and despite Plaintiffs' knowledge of all deadlines and cutoffs (*see* Rec. Doc. No. 39), they filed a motion to extend their deadline to enroll new counsel.  Despite Plaintiff's prior representation that they had already retained a new lawyer, the Court patiently allowed this extension, ordering that new counsel be enrolled by January 16, 2010, and continued hearing on the two pending motions.  The Court subsequently allowed another extension to enroll new counsel until March 18, 2010, and once again continued hearing of the two pending motions, and continued pretrial and trial dates due to the delays created by Plaintiff's failure to enroll new counsel (*see* Rec. Doc. Nos. 64 and 65).  Months after the original deadline to enroll counsel, Plaintiffs finally filed a motion to enroll on March 5, 2010 (*see* Rec. Doc. No. 67).

   Plaintiffs have now missed another deadline ordered by this Court.  In addition to the untimeliness in resubmitting a more

organized and streamlined set of exhibits in support of Plaintiffs' claims, the content of the newly submitted documentation contains discrepancies and unverifiable amounts (*see* charts in Rec. Doc. No. 107) that will require otherwise avoidable additional work by opposing parties to resolve noted discrepancies. While Plaintiffs' counsel suggest that they are fully responsible for this particular failure to comply with the Court's orders, the record clearly reflects that it has been Plaintiffs' own dilatoriness that has caused this would-be routine Hurricane Katrina insurance claim to drag out over the course of nearly three years. Plaintiffs' delays have been unreasonable, contumacious, and prejudicial to trial preparation by all counsel.

## *CONCLUSION*

While the extreme sanction of dismissal is tempting under the foregoing circumstances, lesser sanctions for violating prior court orders should suffice at this time. Accordingly, **NO LATER THAN MONDAY, DECEMBER 20, 2010**, Defendant may file a motion for financial sanctions to recover attorney fees and costs incurred as a result of Plaintiffs' contumacious delays; Plaintiffs may file their response to same within eight (8) days after Defendant's motion is filed.

Defendant's Motion for Involuntary Dismissal (Rec. Doc. No. 94) is **DENIED;** however, Defendant has shown entitlement to lesser sanctions as noted above. The related Motion for Summary Judgment

(Rec. Doc. No. 100) is **DISMISSED AS MOOT**.

    New Orleans, Louisiana, this 9th day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE